IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MELISSA C. O'LEARY,<br>*as Administrator and Personal*<br>*Representative of the Estate of Nolan*<br>*O'Leary, deceased,*<br><br>  Plaintiff,<br><br>  v.<br><br>SIMPLY THICK, LLC; THERMO<br>PAC, LLC; AMERIQUAL GROUP,<br>LLC; H.J. HEINZ COMPANY; and<br>INOVA HEALH CARE SERVICES,<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 1:13-cv-1015<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION

At issue in this removed state action is whether remand is required on the ground that diversity of citizenship did not exist at the time of removal. The removing defendants point out that the state court directed plaintiff to serve the non-diverse defendant within two weeks "or else the case shall be severed as to [the non-diverse defendant.]" *O'Leary v. Simply Thick, LLC, et al.*, 2012-16995 (Fairfax Cir. Ct. July 19, 2013) (Order). Given this, the removing defendants argue that severance occurred automatically when the non-diverse defendant was not properly served within the allotted time. Plaintiff counters (1) that no automatic severance occurred; (2) that the state court order contemplated not automatic severance if service was not timely effected, but return of the case to the state court's docket instead; and (3) in any event, that service of the complaint without process was timely effected and whether this was proper service given the non-diverse defendant's waiver of any service defect was for the state court to resolve.

1

For the reasons that follow, severance did not occur, and hence there was no diversity of citizenship among the parties at the time of removal. Accordingly, remand is required.

I.

Plaintiff Melissa C. O'Leary, a citizen of Virginia, is the administrator and personal representative of the estate of her deceased infant son, Nolan O'Leary, who died at Inova Fairfax Hospital in 2010 after being administered *SimplyThick*, an agent used to thicken liquids in order to assist swallowing. As a result, plaintiff brought suit in the Circuit Court of Fairfax County on November 13, 2012, alleging six claims against six defendants[1] for the alleged wrongful death of her son. Specifically, plaintiff sued Simply Thick, LLC, ("Simply Thick"), a Missouri limited liability company with its principal place of business in Missouri; Thermo Pac, LLC ("Thermo Pac"), an Indiana limited liability company with its principal place of business in Georgia; AmeriQual Group, LLC ("AmeriQual"), a Georgia limited liability company having its principal place of business in Georgia; H.J. Heinz Company ("Heinz"), a Pennsylvania corporation having its principal place of business in Pennsylvania; and INOVA Health Care Services ("INOVA"), a medical facility licensed to conduct business and actually conducting business in Fairfax County, Virginia.

According to the complaint, the product at issue, *SimplyThick*, is a patented concentrate used to thicken liquids and liquid foods, making them easier to swallow for people with swallowing problems. Comp. ¶ 7. The complaint alleges that *SimplyThick* was specifically aimed at preterm infants, since the patent referred to mixing *SimplyThick* with breast milk. *Id.*

---

[1] Plaintiff originally named a sixth defendant—Respiratory Instruments, Inc., d/b/a Medco Medical Supply—but nonsuited her case against this defendant. *O'Leary v. Simply Thick, LLC, et al.*, 1:13-cv-1015, at 3 (E.D. Va., Aug. 16, 2013) (Notice of Removal).

2

It appears from the complaint that plaintiff gave birth prematurely to her son at a hospital operated by INOVA on September 22, 2010. Comp. ¶ 9. Baby O'Leary remained in the hospital's intensive care unit for four weeks, during which time he was administered *SimplyThick* mixed with formula. *Id.* One week after his discharge, Baby O'Leary was brought back to the hospital because he was not eating well, was unresponsive, and was displaying skin discoloration. *Id.* On his arrival, Baby O'Leary was transferred to the pediatric intensive care unit and underwent four surgeries over the next two weeks. *Id.* His treating physicians diagnosed him with necrotizing enterocolitis, a disease that caused a large portion of his small intestine to die. *Id.* Despite the four surgeries and numerous other procedures, Baby O'Leary died on November 27, 2010. Comp. ¶ 10. Shortly thereafter, the Food and Drug Administration issued a health warning advising against feeding *SimplyThick* to preterm infants. Comp. ¶ 11-12.

Based on these allegations, plaintiff alleges claims of negligence; breach of warranty; breach of the Virginia Consumer Protection Act, VA Code § 59.1-196; wrongful death; and the right to recovery under Virginia's Survival Act, VA Code § 8.01-25 against all five defendants. Against defendants Thermo Pac, Simply Thick, AmeriQual, and Heinz, plaintiff also alleges gross negligence in the design, manufacture, testing, packaging, advertising, and sale of *SimplyThick*. Based on the alleged negligence, gross negligence, breach of warranty, wrongful death, and right to recovery under Virginia's Survival Act, plaintiff seeks judgment against defendants, jointly and severally, in the amount of ten million dollars in compensatory damages, plus prejudgment interests and costs, and three hundred and fifty thousand dollars in punitive damages. She also seeks against all defendants all damages allowable under the Virginia Consumer Protection Act, including fees and costs. Comp. ¶ 23.

After filing suit, plaintiff served valid process on all defendants except INOVA, the sole Virginia defendant. On or about April 29, 2013, all defendants except INOVA filed a motion seeking to compel plaintiff to serve process on INOVA or, alternatively, to sever plaintiff's claim against INOVA. *O'Leary v. Simply Thick, LLC, et al.*, 2012-16995 (Fairfax Cir. Ct. Apr. 29, 2013). On July 19, 2013, the Fairfax circuit judge held a hearing on the motion to compel service, at the conclusion of which he stated that plaintiff had to "serve INOVA within two weeks or else the case is severed against INOVA...If the service is not effectuated, place it back on my docket." (Transcript of July 19, 2013 Fairfax Cir. Ct. Hearing at p. 23, lines 13-14). Later that day, the judge entered an order which stated in part, "With regard to the motion to sever, it is ordered that Plaintiff shall serve Inova Health Care Services d/b/a Inova Fairfax Hospital within two weeks from today or the case shall be severed as to Inova Fairfax." *O'Leary v. Simply Thick, LLC, et al.*, 2012-16995 (Fairfax Cir. Ct. July 19, 2013) (Order). Thereafter, on August 1, 2013, within the specified two week period, plaintiff served INOVA with the complaint, but in doing so did not include the summons. On August 16, defendants AmeriQual and Thermo Pac jointly filed a Notice of Removal, to which defendants Simply Thick and Heinz consented. *O'Leary v. Simply Thick, LLC, et al.*, 1:13-cv-1015 (E.D. Va., Aug. 16, 2013) (Notice of Removal).

II.

As originally filed, complete diversity among the parties did not exist, as both plaintiff and defendant INOVA are citizens of Virginia. The absence of complete diversity between plaintiff on one hand and all defendants on the other precluded removal at that time. *See* 28 U.S.C. § 1332(a). *See also Mayes v. Rapoport*, 198 F.3d 457, 461 (1999) (stating that "there are several rules that govern the ability of defendants to consummate removal," including "the

4

'complete diversity' rule...[which] permits jurisdiction only when no party shares common citizenship with any party on the other side"). But it is axiomatic, and the parties agree, that severance of a non-diverse party can serve to create diversity for removal purposes.[2] Given that severance of a non-diverse party can result in diversity suitable for removal, the question presented here is whether such severance occurred on the facts of this case. Resolution of this question requires a sharp focus on, and careful reading of, the state court's order concerning severance.

Fairly read, the Fairfax circuit judge's order does not automatically sever INOVA as a defendant on the plaintiff's putative failure to serve INOVA properly. Rather, it announces that severance will occur in the future contingent on a particular future event, namely the failure to serve INOVA on or before August 2, 2013. And it is clear that whether or not this future contingency has occurred would be a matter for the Fairfax circuit judge to determine should the contingency not occur or should there be, as here, a dispute as to whether the contingency occurred. The Fairfax circuit judge made this point clear when he stated that the case should be placed back on his docket if service on INOVA did not occur within the allotted time. In other words, whether severance would ultimately be ordered would depend on whether the Fairfax circuit judge determined that the plaintiff failed to serve INOVA within the deadline.

This fair and sensible reading of the Fairfax circuit judge's ruling finds firm support in the language of the judge's order, especially as elucidated by the judge's instructions from the

---

[2] *See Caperton v. Beatrice Pocahontas Coal Co.*, 585 F.2d 683, 691 (4th Cir. 1978) ("[N]on-diverse parties whose presence is not essential under Rule 19 may be dropped to achieve diversity between the plaintiffs and defendants."); *Cooke-Bates v. Bayer Corp.*, 2010 WL 4789838 at *3 (E.D. Va. 2010) ("Rule 21 permits the Court to sever a party from a case in order to achieve complete diversity and establish proper jurisdiction of a civil action...The decision to sever a party under Rule 21 is largely within the Court's discretion.").

bench. Those instructions clearly reflect that the judge correctly anticipated—as indeed occurred—that disputes would arise as to the timeliness and propriety of service that he would need to resolve before finally deciding whether to order severance.[3]

Thus, although severance of INOVA as a party could serve to create diversity for removal purposes, no such severance occurred here. As a result, removal was improper because there was not complete diversity of citizenship among the parties at the time of the removal from state court. Accordingly, remand is required.

An appropriate order will issue.

Alexandria, Virginia
September 17, 2013

/s/
T. S. Ellis, III
United States District Judge

---

[3] The Fairfax circuit judge also may have wanted to consider whether to sever INOVA for all purposes, including trial, or merely for discovery purposes.